Per Curiam.

The return of the attachment on the plain-
tiff’s writ against Huntington has as much certainty as returns m general of attachments on mense process. Whether the description of the land should be as certain as in the case of a deed, may be doubted ; but if it should be, we are not clear that this return would be insufficient.[1] Huntington had only one house in each street, so that the property attached would be readily ascertained. Id cerium est fyc. It is said, however, that parol evidence to ascertain the land, is inadmissible. But even where the description is free from any objection of uncertainty, as where the owners of the adjoining land are named, it is necessary to have recourse to parol evidence to determine the bounds.[1] If Huntington had been the owner of two es tates in the same street, parol evidence could not have been received to show which of the two was intended to be attached.
In regard to damages, we have been referred to the case of *317 Rich v. Bell; where personal property of a debtor having been attached on several writs, the officer, by direction of all the attaching creditors, except the last one, sold the property and applied the proceeds to the judgments afterwards recovered, according to the priority of the attachments ; whereupon the dissenting creditor sued the officer, and the Court held that he was entitled to nominal damages only, because, if the property had been kept by the officer and been sold upon execution, the proceeds would have been insufficient to satisfy the judgments of the other creditors. There, if the fault of the officer, which was the ground of complaint, had not been committed, the dissenting creditor would have derived no benefit from his attachment. This case is different. Here the complaint is, that the officer made a false return ; whereas, if he had returned the truth, this creditor of Huntington would have come in and obtained satisfaction of his demand. He is entitled to judgment for the amount of the debt and interest and costs.

Judgment according to verdict.

 See Howard, v. Daniels, 2 N. Hamp. R. 137; Haven v. Richardson, 5 N. Hamp. R. 127,128; Lyman v. Loomis, 5 N. Hamp. R. 408.

 See Wing v. Burgis, 13 Maine R. (1 Shepley,) 111; Linscott v. Fernald, 5 Greenleaf, 496.